**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

WILLIAM GARDNER,

Plaintiff,

v. No. 1:26-cv-01328-DHU-SCY

UNITED STATES OF AMERICA; FEDERAL DRUG ENFORCEMENT AGENCY (DEA); KRISTEN TAMAYO, in her official and individual Capacities; NICOLAS ROMERO, in his official and individual capacities; JOHN DOES; DEPARTMENT OF JUSTICE (DOJ); BEN MINEGAR, in his official and individual capacities; STATE OF NEW MEXICO, Office of the Superintendent of Insurance; ALICE KANE, in her official and individual capacities; MICHAEL FRICKE, in his official and individual capacities; NEW MEXICO DEPARTMENT OF JUSTICE; and LORI CHAVEZ, in her official and individual capacities,

Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Plaintiff William Gardner initially filed this lawsuit in the Southern District of California. While there, the Court entered default against Defendant Lori Chavez. Defendant Chavez then moved to set aside the default and to dismiss the claims against her for lack of personal jurisdiction. Doc. 59. Subsequently, the Southern District of California transferred the case to this Court. Upon transfer, Plaintiff filed a motion for clarification, as to which Defendants remain active in the case. Doc. 102. The Honorable David H. Urias referred this matter to me to conduct any hearings warranted and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. Doc. 106. For the reasons set forth below, I recommend the Court grant the motion to set aside default, deny as moot the motion to dismiss for lack of personal jurisdiction, and deny the motion for clarification.

## PROCEDURAL BACKGROUND

On August 13, 2025, Plaintiff filed this lawsuit in the Southern District of California against two sets of Defendants: (1) Federal Defendants including the United States of America; Federal Drug Enforcement Agency ("DEA"); DEA Agent Kristin Tamayo; DEA Agent Nicolas Romero; John Doe federal agents; United States Department of Justice ("US DOJ"); and Assistant United States Attorney Ben Minegar; and (2) State Defendants including the State of New Mexico; New Mexico Office of the Superintendent of Insurance ("NM OSI"); Superintendent Alice Kane; Michael Fricke; New Mexico Department of Justice ("NM DOJ)"; and Lori Chavez. Doc. 1. The complaint brings six counts: (1) false statement under the Federal Tort Claims Act ("FTCA"); (2) unreasonable search and seizure under the Fourth Amendment; (3) substantive and procedural due process under the Fourteenth Amendment; (4) excessive fines under the Eighth Amendment; (5) malicious prosecution under Section 1985; and (6) defamation and slander under the federal privacy act. *Id.*

Defendants State of New Mexico and the NM DOJ appeared and filed a motion to dismiss for lack of personal jurisdiction. Doc. 11. Likewise, Defendants NM OSI, Alice Kane, and Michael Fricke moved to dismiss for lack of personal jurisdiction. Doc. 17. The Southern District of California granted both motions. Doc. 47.

Meanwhile, on November 11, 2025, Plaintiff filed proofs of service as to Defendants Kristin Tamayo, DEA, Lori Chavez, NM DOJ, Alice Kane, NM OSI, Ben Minegar, and US DOJ. Docs. 27-33. Plaintiff then moved for a Clerk's entry of default as to those Defendants. Doc. 34. The Clerk of the Court for the Southern District of California entered default as to Defendants Tamayo, Chavez, Kane, Minegar, and the US DOJ. Doc. 43. The Federal Defendants in that

group (Tamayo, Minegar, and US DOJ) moved to set aside the default, Doc. 44, which the Southern District of California granted, Doc. 49.

Thereafter, all Federal Defendants (United States, US DOJ, DEA, Minegar, Tamayo, and Romero) moved to dismiss the claims against them. Doc. 50. The Southern District of California granted the Federal Defendants' motion to dismiss, dismissing Defendants Tamayo and Romero for lack of personal jurisdiction; dismissing count 1 (false statement) as barred by sovereign immunity under the FTCA; dismissing the US, DEA, and US DOJ with prejudice as not subject to suit under *Bivens*, and therefore dismissing counts 2 (unreasonable search and seizure), 3 (substantive and procedural due process), and 4 (excessive fines) as to those Defendants; and dismissing count 6 (defamation and slander) for failure to state a claim. Doc. 71. The Southern District of California also granted in part Plaintiff's motion for leave to amend the complaint that he filed after the Federal Defendants filed their motion to dismiss. Doc. 72 (granting in part Doc. 54). Specifically, the Southern District of California granted Plaintiff leave to amend "for the limited purpose of adding the Fifth Amendment due process claim." Doc. 72. Plaintiff filed his first amended complaint on March 20, 2026, which includes the six previous counts, and added count 7 (Fifth Amendment due process). Doc. 79.

On April 24, 2026, the Southern District of California transferred this case to the District of New Mexico. Doc. 83. Upon transfer, the Federal Defendants (US, DEA, Tamayo, Romero, DOJ, Minegar, and John Does) moved to dismiss the first amended complaint. Doc. 93.

In sum, the current status of the Defendants in this case are:

| **Defendant** | **Case Action** |
|---|---|
| United States of America | Dismissed as not subject to suit under *Bivens* (Doc. 71); motion to dismiss first amended complaint pending (Doc. 93) |

| | |
|---|---|
| DEA | Dismissed as not subject to suit under *Bivens* (Doc. 71); motion to dismiss first amended complaint pending (Doc. 93) |
| Kristin Tamayo | Default entered (Doc. 43); default set aside (Doc. 49); dismissed for lack of personal jurisdiction (Doc. 71); motion to dismiss first amended complaint pending (Doc. 93) |
| Nicolas Romero | Dismissed for lack of personal jurisdiction (Doc. 71); motion to dismiss first amended complaint pending (Doc. 93) |
| US DOJ | Default entered (Doc. 43); default set aside (Doc. 49); dismissed as not subject to suit under *Bivens* (Doc. 71); motion to dismiss first amended complaint pending (Doc. 93) |
| John Doe federal agents | motion to dismiss first amended complaint pending (Doc. 93) |
| Ben Minegar | Default entered (Doc. 43); default set aside (Doc. 49); motion to dismiss first amended complaint pending (Doc. 93) |
| | |
| State of New Mexico | Dismissed for lack of personal jurisdiction (Doc. 47) |
| NM OSI | Dismissed for lack of personal jurisdiction (Doc. 47) |
| Alice Kane | Default entered (Doc. 43); dismissed for lack of personal jurisdiction (Doc. 47) |
| Michael Fricke | Dismissed for lack of personal jurisdiction (Doc. 47) |
| NM DOJ | Dismissed for lack of personal jurisdiction (Doc. 47) |
| Lori Chavez | Default entered (Doc. 43); motion to set aside the entry of default and to dismiss the claims against her for lack of personal jurisdiction pending (Doc. 59) |

**DISCUSSION**

Presently before me is Defendant Chavez's motion to set aside the entry of default and to dismiss the claims against her for lack of personal jurisdiction. Doc. 59, 66 (errata); *see also*

Doc. 67 (response); Doc. 69 (reply). Also before me is Plaintiff's motion for clarification. Doc. 102.[1] I will address each in turn.

**1. Defendant Chavez's Motion to Set Aside Default Judgment**

Defendant Chavez moves to set aside the entry of default, arguing that she was "never served with the Summons and Complaint nor had she granted authorization to anyone to act on her behalf as an agent to accept service of any summons to a lawsuit." Doc. 59 at 4. A court may set aside a clerk's entry of default for good cause. Fed. R. Civ. P. 55(c). "The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *Hunt v. Ford Motor Co.*, 65 F.3d 178 (10th Cir. 1995). These factors, however, "are not 'talismanic'" and the Court need not consider them all. *Id.* A district court's decision to set aside an entry of default is reviewed for abuse of discretion. *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009).

First, I find that Defendant Chavez's conduct was not culpable because she never received service of the summons and complaint in this matter. Plaintiff filed a proof of service indicating that he mailed service to Defendant Chavez on August 15, 2025 to the following address:

> NM Dept of Justice
> & Lori Chavez
> 201 3rd St NW, ste 300
> Alb. NM 87102

[1] Defendants did not file a response to this motion and their time to do so has expired. D.N.M. LR-Civ. 7.4(a).

Doc. 28. Indeed, this is the address for the Albuquerque office of the NM DOJ. However, Defendant Chavez attached an affidavit to her motion, affirming that she left her employment with the NM DOJ on December 24, 2021 and since then has worked for a different agency, the New Mexico Regulation and Licensing Department. Doc. 66-1 ¶¶ 1-2. As such, she confirms that she never received a summons and complaint for this case. *Id.* ¶ 3.

In response, Plaintiff argues that Defendant Chavez is culpable because she "has been aware of this litigation and her involvement as a named defendant." Doc. 67 at 3. However, Plaintiff offers no evidence or argument to support that assertion. Indeed, on the record before the Court, Defendant Chavez first appeared in this case when she filed the present motion to set aside default on January 7, 2026. Doc. 52 (Defendant Chavez's first motion to set aside, which she withdrew and refiled on January 11, 2026, Doc. 59). Plaintiff also argues that Defendant Chavez's "co-defendants received service and appeared in this action." Doc. 67 at 3. But service on co-defendants does not indicate Plaintiff served Defendant Chavez.

Lastly, Plaintiff argues that "Defendant Chavez's assertion of lack of service rings hollow given that she has now appeared through counsel and filed a motion addressing the merits of Plaintiff's jurisdictional allegations. This demonstrates that Defendant was aware of the proceedings and chose not to timely respond." *Id.* at 3. That Defendant Chavez appeared in the case in January 2026, however, does not indicate that she was aware of the case when the clerk entered default in December 2025. Given that Plaintiff presents no evidence or argument to counter Defendant Chavez's assertion that she never received service, I find that Defendant Chavez was not culpable for failing to appear in this case. *See, e.g., Barak v. Rooster's Guide & Outfitting Adventures*, No. 19-CV-03556-RM-GPG, 2020 WL 9424264, at *2 (D. Colo. Apr. 28,

2020) ("Failure to effectuate proper service constitutes good cause to set aside an entry of default.").

Second, Plaintiff argues that he will be prejudiced if the default is set aside because he has "diligently prosecuted this action." *Id.* at 67. His failure to attempt to serve Defendant Chavez anywhere other than her former place of employment, after she had already left that employment, however, undercuts that argument. Moreover, Plaintiff's assertion that he has diligently prosecuted this action, even if true, fails to establish any actual prejudice. As such, I find no prejudice to Plaintiff if the Court sets aside the Clerk's entry of default.

Lastly, I am unable to evaluate the third factor—whether Defendant Chavez has presented a meritorious defense. As discussed below, she has filed a motion to dismiss for lack of personal jurisdiction, but the arguments in that motion are directed at the Southern District of California, not the District of New Mexico. Because the first two factors the Tenth Circuit identified in *Hunt* weigh in favor of setting aside the entry of default, and the third factor is neutral, I recommend finding good cause to set aside the entry of default against Defendant Chavez.

**2. Defendant Chavez's Motion to Dismiss for Lack of Personal Jurisdiction**

Defendant Chavez moves to dismiss the claims against her for lack of personal jurisdiction Doc. 59. However, when she filed this motion, the case was still pending in the Southern District of California. Accordingly, her arguments address whether that California court has personal jurisdiction over her. *See, e.g.*, *id.* at 4 ("Personal jurisdiction over Defendant Lori Chavez is only proper if Defendant Lori Chavez is subject to the jurisdiction of a court of general jurisdiction in the State of California."). Because the Southern District of California transferred this case to the District of New Mexico, Defendant Chavez's arguments are no longer applicable.

I therefore recommend the Court deny as moot her motion to dismiss for lack of personal jurisdiction. Given that her motion is now moot, I also recommend that Defendant Chavez be given additional time to file a new Rule 12 motion, if she chooses.

**3. Plaintiff Gardner's Motion to Clarify**

As discussed above, the Southern District of California dismissed State Defendants Michael Fricke, Alice Kane, and the NM OSI for lack of personal jurisdiction. Doc. 47. After the Southern District of California transferred the case to the District of New Mexico, Plaintiff requested summonses for Troy Davis, the NM OSI, Michael Fricke, and Alice Kane. Docs. 101-1 to 101-4. The Court entered an order rejecting those summonses because (1) Troy Davis is not a Defendant in the case; and (2) Defendants Fricke, Kane, and the NM OSI have been dismissed from the case and, subsequent to their dismissal, Plaintiff took no action to keep them in the case, such as a request to reconsider their dismissal. Doc. 101. In response, Plaintiff filed a motion for clarification in which he argues that the Southern District of California granted him leave to amend "to add a Fifth Amendment claim and to recapture all of the original Defendants." Doc. 102. Plaintiff therefore requests that the Court "either honor the granted motion for leave to add all of the original Defendants on the well-pleaded Fifth Amendment claim, or hold a hearing on clarification to determine the current posture of the case." *Id.* at 2.

I recommend denying Plaintiff's requests because he misinterprets the Southern District of California's order allowing amendment. The Southern District of California dismissed the State Defendants on December 18, 2025 for lack of personal jurisdiction. Doc. 47. Plaintiff filed his motion to amend on January 9, 2026, seeking leave to add "additional due process violations claimed under 42 U.S.C. §§ 1983 and 1985 as a Bivens claim against the *Federal Defendants*." Doc. 54 at 1 (emphasis added); *id.* ("This amendment seeks to add a Bivens action for damages

against Defendant federal officers for violating Plaintiff's unenumerated constitutional rights while acting under federal authority."); Doc. 79 ¶ 115 (Plaintiff's amended complaint, bringing the new count 7 against "Defendants DEA, DOJ, Agent Tamayo, Agent Romero, and U.S. Attorney Minegar," who are "all federal actors sued in their individual capacities"). Thus, when the Southern District of California granted leave to amend "for the limited purpose of adding the Fifth Amendment due process claim described in Plaintiff's motion," Doc. 72, it was granting Plaintiff leave to amend to add a single claim against the Federal Defendants. Nothing in that order granted Plaintiff leave to amend as to the dismissed State Defendants.

As previously stated in the order rejecting summonses, Plaintiff has taken no action as to the dismissed State Defendants, such as moving to amend as to those Defendants or moving for reconsideration of their dismissal.[2] I therefore recommend the Court deny the relief Plaintiff requests in his motion for clarification.

**RECOMMENDATION**

For these reasons, I recommend that the Court:

- GRANT the Motion to Set Aside Clerk's Entry of Default (Doc. 59) and set aside the entry of default (Doc. 43) as to Defendant Lori Chavez;
- DENY AS MOOT Defendant Chavez's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction; and

[2] In his response to Defendant Chavez's motion to set aside entry of default and motion to dismiss for lack of personal jurisdiction, Plaintiff does argue that the Southern District of California's order dismissing Defendants State of NM, NM DOJ, the NM OSI, Alice Kane, and Michael Fricke (Doc. 47) should be set aside. Doc. 67 at 11. To the extent Plaintiff intends this to be a motion to reconsider, I recommend the Court reject it because Plaintiff did not present this request for relief in a motion, but included it in response to an unrelated motion. *See* Fed. R. Civ. P. 7 (form of motions). Additionally, Plaintiff's arguments focus on the case being in the Southern District of California, Doc. 67 at 12-13, and so are inapplicable now that the case has been transferred.

- DENY Plaintiff Gardner's Motion for Clarification (Doc. 102).

I also recommend that Defendant Chavez be directed, within 21 day of entry of the order adopting this recommendation, to file an answer, a new Rule 12 motion, or some other responsive pleading.

STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**